TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN (Cal. Bar No. 190414)
Assistant United States Attorney
Chief, Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-0142
    E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>         v.<br><br>THE INTERESTS OF THE MORGAN GROUP, A GENERAL PARTNERSHIP AND ALL OTHER PARTIES EXCEPT KATHERENE HENDERSON, HER HEIRS, SUCCESSORS AND ASSIGNS, ACCUBANC MORTGAGE CORPORATION (INCLUDING ITS SUCCESSORS AND ASSIGNS, INCLUDING BANK OF AMERICA), KARL L. BOECKMANN AND THRYA J. BOECKMANN IN THE REAL PROPERTY LOCATED AT MORENO VALLEY, CALIFORNIA WITH ASSESSOR PARCEL NUMBER 312-222-036,<br><br>     Defendant. | No. 2:21-CV-6890<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>18 U.S.C. § 981(a)(1)(C)<br><br>[FBI] |

    Plaintiff United States of America brings this claim against defendant The Interests Of The Morgan Group, A General Partnership And All Other Persons Except Katherene Henderson,

Her Heirs, Successors, and Assigns, Accubanc Mortgage

Corporation (Including Its Successors And Assigns Including Bank

of America), Karl L. Boeckmann And Thrya J. Boeckmann In The

Real Property Located In Moreno Valley, California With Assessor

Parcel Number 312-222-036, and alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.    This is an <u>in</u> <u>rem</u> civil forfeiture action brought

pursuant to 18 U.S.C. § 981(a)(1)(C). This Court has

jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and

1355.

2.    Venue lies in this district pursuant to 28 U.S.C.

§ 139.

<u>PERSONS AND ENTITIES</u>

3.    The plaintiff in this action is the United States of

America ("plaintiff" or the "government").

4.    The defendant is The Interests of The Morgan Group, A

General Partnership And All Other Persons Except Katherene

Henderson, Her Heirs, Successors, and Assigns, Accubanc Mortgage

Corporation (Including Its Successors And Assigns Including Bank

of America), Karl L. Boeckmann And Thrya J. Boeckmann In The

Real Property Located In Moreno Valley, California With Assessor

Parcel Number 312-222-036.  The real property, which is

hereinafter referred as to as the "Subject Real Property," is

currently titled in the name of "The Morgan Group, A General

Partnership" and has the following legal description:

Lot 59 of Tract No. 22383, in the City of Moreno Valley, as

per map recorded in Book 198, Pages 57 through 61,

3

1   inclusive of Maps, in the Office of the County Recorder of

2   Said County.

3   Excepting therefrom all oil, gas, petroleum, hydrocarbon

4   substances and other minerals within or underlying said

5   Land but without right of entry upon the surface of said

6   Land or subsurface thereof to a depth of 500 feet to remove

7   or extract the same, as excepted in the deed to the Robert

8   P. Warmington Co., a California Corporation, as to an

9   undivided fifty percent (50 percent) and San Marino

10  Services, Inc., a California Corporation, as to an

11  undivided 50 percent (50 percent) interest, recorded

12  November 22, 1983 as instrument No. 242971, Official

13  Records.

14  Assessor Parcel Number 312-222-036-9.

15       5.   The interests of The Morgan Group, A General

16  Partnership, may be adversely affected by these proceedings.

17  The government does not seek to forfeit the interests of the

18  Accubanc Mortgage Corporation (or its successors and assigns

19  including Bank of America), Karl L. Boeckmann, Thryra J.

20  Boeckmann in these proceedings.  In addition, the government

21  does not seek to forfeit the interests of Katherene Henderson,

22  her heirs, successors, and assigns in these proceedings.  In

23  fact, as set forth below, the government seeks to forfeit and

24  return the Subject Real Property to the estate, as the Real

25  Property was fraudulently taken from Katherene Henderson as the

26  result of a fraud scheme orchestrated by Michael Henschel

27  discussed below.

28  / / /

FACTS SUPPORTING FORFEITURE

The Real Estate Fraud Scheme And Resultant Convictions

6.   Since at least December 2000, Michael Henschel and others, including Camerino Islas and Juan Velasquez, were involved in a real estate fraud scheme generally described as follows:

7.   Henschel and others working at Henschel's direction worked for, through, and with a business that Henschel owned and operated out of offices in Van Nuys, California under numerous business names, including the Krandell Trust and the Morgan Group (*i.e.*, the current titleholder relative to the Subject Real Property).  In furtherance of the scheme, Henschel and his co-conspirators targeted homeowners, who were in financial distress and held equity in real properties.  Many of the homeowners were elderly individuals who had held title to properties for decades.

8.   Henschel and his co-conspirators recorded fraudulent deeds and other liens on title to the homeowners' properties, describing fake debts that the homeowners supposedly owed to the Henschel-controlled entities.  The fraudulent filings caused county recorder offices, including the Riverside County Recorder's office, to mail the original of the filings to addresses that Henschel and his co-conspirators designated and controlled.

9.   In addition, Henschel and his co-conspirators would demand payment from homeowners to remove the fraudulent filings, insisting that the fake debts described in the fraudulent filings were legitimate.  Moreover, Henschel his co-conspirators

would file and aggressively defend claims in civil actions, including quiet title actions, when homeowners tried to assert legal rights to the properties or if homeowners made any effort to clear title damaged by the fraudulent filings.  Furthermore, Henschel and his co-conspirators would impersonate attorneys and send threatening letters and emails to the homeowners, discouraging them from pursuing causing them to relinquish claims.

10.  Henschel and his co-conspirators would extort settlement payments from homeowners in connection with the quiet title actions, relying on the fact that, given the high cost of civil litigation, it would often be less expensive for homeowners to pay the co-conspirators than to fight them, particularly when Henschel and other co-conspirators were willing to and did engage in unscrupulous litigation tactics, such as fabricating documents after the fact, insisting on the legitimacy of fake debts described in the fraudulent filings, forging signatures on fraudulent deeds and on documents filed in civil litigation then insisting on the legitimacy of the forgeries, and other false misrepresentations in court filings.

11.  Once Henschel and other co-conspirators had control of homeowners' properties, they would profit from the scheme in a variety of ways, including evicting the rightful homeowners and renting out the properties to tenants.

12.  On March 8, 2018, Henschel, Juan Velasquez, Camerino Islas, and other co-conspirators, were indicted by a federal grand jury in this District.  *See United States v. Henschel*, No. CR 17-00350-VAP.

6

13.   On May 9, 2019, Henschel pled guilty to mail fraud, in violation of 18 U.S.C. § 1341.  In the plea agreement, Henschel admitted that he, along with other conspirators, worked for, through, and with a business that Henschel owned or operated out of offices in Van Nuys.

14.   In addition, Henschel admitted the following facts in the plea agreement.  Henschel admitted that through the entities he owned or controlled, he knowingly, and with the intent to defraud, devised, participated in, executed and attempted to execute a scheme to defraud homeowners, mortgage lenders, and purchasers of foreclosed properties as to material matters, and to obtain money and property from homeowners, mortgage lenders, and purchasers of foreclosed properties by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.  The scheme admitted to by Henschel included aggressively defending claims (through unscrupulous litigation tactics) in civil actions, including actions to quiet-title, when targeted homeowners (like Katherene Henderson) tried to reclaim or otherwise assert legal rights to real property or made any effort to attempt to un-cloud title from the fraudulent filings.

15.   On September 30, 2019, Henschel was convicted of mail fraud and was sentenced to 240 months imprisonment.

16.   On April 24, 2019, Camerino Islas pled guilty to conspiracy to commit mail and bank fraud in connection with the above-described scheme.  On April 29, 2019, Juan Velasquez also pled guilty to conspiracy to commit mail and bank fraud.

1  HENSCHEL-CONTROLLED ENTITY THE MORGAN GROUP'S FRAUDULENT
2  ACQUISITION OF KATHERENE HENDERSON'S SUBJECT REAL PROPERTY

3      17.   Pursuant to a contract and grant deed and deed of
4  trust recorded October 31, 1995 as instrument numbers 364991 and
5  364992 in the Riverside County Recorder's Office, Katherene
6  Henderson acquired the Subject Real Property for $90,000.00 and
7  obtained a $73,568.00 loan with Accubanc Mortgage Corporation,
8  whose successor is Bank of America, secured by the deed of
9  trust.

10     18.   On March 26, 2001, Henschel and his co-conspirators
11 recorded a trust deed as instrument number 2001-127296 (the
12 "Fraudulent Trust Deed") with the Riverside County Recorder's
13 Office, which recording reflected a $16,000 bogus lien and loan
14 against the Subject Real property.  The Fraudulent Trust Deed
15 provided that the beneficiary of the trust was The Krandell
16 Trust, with Juan Velasquez as the trustee of the Krandell Trust.

17     19.   Contrary to the representation in the Fraudulent Trust
18 Deed, Katherene Henderson, the owner of the Subject Real
19 Property had not obtained a loan from The Krandall Trust, which
20 was one of Henschel's companies, nor had she ever obtained a
21 loan from Henschel or any of his other companies.  The debt
22 described in Fraudulent Trust Deed was fictional, and never owed
23 or assumed by Katherene Henderson.

24     20.   When Katherene Henderson in or about January 2008
25 sought to refinance her then-existing loans on the Subject Real
26 Property she became aware of the Fraudulent Trust Deed.  Between
27 January 2008 and June 2012, Katherene Henderson sought to
28 negotiate with Henschel, his co-conspirators and others, asking

them if they would voluntarily remove the Fraudulent Trust Deed without insisting on payment of the fake debt described in that document. Henschel, using an alias "Steve," and the other co-conspirators refused to remove the Fraudulent Trust Deed and instead demanded payment on the fictional $16,000 debt, plus interest on the fake debt.

21. On June 13, 2012, Katherene Henderson filed an action in Riverside Superior County, alleging that defendants had filed fraudulent documents against her property. Henschel and others working at his direction aggressively defended this action and counterclaimed, seeking a declaration of the legitimacy of the fictional debt purportedly owed to the Krandell Trust as described in the Fraudulent Trust Deed. Through unscrupulous litigation tactics described above, Henschel and others working at his direction successfully procured by fraud a judgment from the Riverside Superior Court in favor of the Krandell Trust. *See* Judgment, *Henderson v. The Krandell Trust, et al.*, RIC1208938 (Cal. Sup. Ct. Riverside County Apr. 24, 2014).

22. Henschel and his co-conspirators similarly prevailed in other quiet title and fraud actions that Katherene Henderson filed in Riverside Superior Court, including in a case captioned *Katherene Henderson v. Vogel, et al.*, RIC1511661 (Cal. Sup. Ct. Riverside County), which appears not to have been pursued in favor of another case captioned *Henderson v. William Vogel, et al.*, RIC1514845 (Cal. Sup. Ct. Riverside County). Henschel and his co-conspirators also aggressively defended this case and filed a cross complaint in the name of the Krandell Trust, ultimately obtaining another judgment through fraud.

23.   On February 26, 2016, Henschel and his co-conspirators recorded as instrument number 2016-0076554 with the Riverside County Recorder's Office a fraudulent Trustee's Deed Upon Sale, based upon a purported default of the loan securing the Fraudulent Trust Deed.  The recording falsely reflected that Henschel entity The Morgan Group had acquired title to the Subject Real Property at a non-judicial foreclosure sale by paying $50,000.00.  The signatory for the purported trustee, Title Trust Service (a Henschel-controlled entity), who allegedly conducted the sale was Henschel's co-conspirator Camerino Islas.  As set forth above, both Henschel and Islas have been convicted in the federal criminal case.

24.   On April 3, 2016, Katherene Henderson died.  Katherene Henderson had been residing in the Subject Real Property from approximately 1995 until her death in 2016.  For a few years before her death and continuing afterward, Katherene Henderson's son Ivan Henderson, resided at the defendant property.

25.   In approximately January 2017, Henschel and others acting at his direction began demanding rent payments from Ivan Henderson to remain in the property.  Reserving rights, Ivan Henderson began making rent payments to Henschel and his co-conspirators, to forestall any further eviction actions.

26.   In approximately January 2018, notwithstanding the rent that Ivan Henderson had paid to stay in the defendant property, Henschel had Ivan Henderson evicted from the defendant property.

/ / /

<u>Additional Lienholder Relative To The Subject Real Property</u>

27.   On September 25, 2019, a Deed of Trust was recorded in the Riverside County Recorder's Office against the defendant property as instrument number 2019-0379810.  This recording identifies the Morgan Group (through signatory Todd Shellbach, Henschel's step-son) as having borrowed $135,000.00 from the secured lienholders Karl L. Boeckmann and Thryra J. Boeckmann, Trustees of the Living Trust of Karl L. Boeckmann and Thyra J. Boeckmann dated 9/19/2000 as the lender.

<u>CLAIM FOR RELIEF</u>

29.   Based on the above, plaintiff United States of America alleges that the defendant property constitutes property traceable to one or more violations of 18 U.S.C. § 1341 (mail fraud), which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1).  The defendant property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays:

(a)   that due process issue to enforce the forfeiture of the defendant property;

(b)   that due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed;

(c)   that this Court decree forfeiture of the defendant property to the United States of America for disposition according to law; and

/ / /

1          (d)   for such other and further relief as this Court may

2     deem just and proper, together with the costs and disbursements

3     of this action.

4     Dated: August __, 2021          TRACY L. WILKISON
                                       Acting United States Attorney
5                                      SCOTT M. GARRINGER
                                       Assistant United States Attorney
6                                      Chief, Criminal Division

7

8                                        /s/ Jonathan Galatzan
                                       JONATHAN GALATZAN
9                                      Assistant United States Attorney
                                       Chief, Asset Forfeiture Section
10
                                       Attorneys for Plaintiff
11                                     UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, Heather Stachnik, hereby declare that:

1.   I am a Special Agent with the Federal Bureau of Investigation ("FBI").

2.   I have read the above Verified Complaint for Forfeiture and know its contents.   The facts set forth therein are based upon my own personal knowledge and reports and other information provided to me by other law enforcement agents.

3.   Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed _August 26_ , 2021 in Los Angeles, California.

HEATHER STACHNIK
SPECIAL AGENT - FBI

11