JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:21-cv-06890-VAP-E |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| THE INTERESTS OF THE MORGAN GROUP, ET AL., | |
| Defendant. | |
| JOHN RUSSELL, SUCCESSOR TRUSTEE OF THE LIVING TRUST OF KARL L. BOECKMANN AND THYRA J. BOECKMANN, | |
| Claimant. | |

1

Plaintiff and John Russell, Successor Trustee of the Living Trust of Karl L. Boeckmann and Thyra J. Boeckmann ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety as to Real Property Located in Moreno Valley, California With Assessor Parcel Number 312-222-036 (the "Subject Property"), which is more fully described as follows:

> Lot 59 of Tract No. 22383, in the City of Moreno Valley, as per map recorded in Book 198, Pages 57 through 61, inclusive of Maps, in the Office of the County Recorder of Said County.
>
> Excepting therefrom all oil, gas, petroleum, hydrocarbon substances and other minerals within or underlying said Land but without right of entry upon the surface of said Land or subsurface thereof to a depth of 500 feet to remove or extract the same, as excepted in the deed to the Robert P. Warmington Co., a California Corporation, as to an undivided fifty percent (50 percent) and San Marino Services, Inc., a California Corporation, as to an undivided 50 percent (50 percent) interest, recorded November 22, 1983 as instrument No. 242971, Official Records.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. This action was filed on August 26, 2021. Notice was given and published in accordance with law. Claimant filed a claim on November 10, 2021 and an answer on November 30, 2021. No other claims or answers have been filed, and the time for filing such claims and answers has expired. Notice was given to all known potential claimants, including The Morgan Group, a General Partnership (the "Morgan Group"). No claim or answer

was filed by the Morgan Group. This Court has jurisdiction over the parties to this judgment and the Subject Property.  Any claimants to the Subject Property other than John Russell, Successor Trustee of the Living Trust of Karl L. Boeckmann and Thyra J. Boeckmann are deemed to have admitted the allegations of the complaint with respect to the Subject Property.

    2.   Any interest of the Morgan Group in the Subject Property is forfeited to the United States and no other right, title, or interest shall exist therein.

    3.   The Deed of Trust recorded on March 26, 2001 as instrument number 2001-127296 in the office of the County Recorder of the County of Riverside is void and is hereby cancelled. This Deed of Trust provided that the beneficiary of the trust was The Krandell Trust, with Juan Velasquez as the trustee of the Krandell Trust.

    4.   The Trustee's Deed Upon Sale recorded on February 26, 2016 as instrument number 2016-0076554 in the office of the County Recorder of the County of Riverside is void and is hereby cancelled.  The Trustee's Deed Upon Sale falsely reflected that the Morgan Group had acquired title to the Subject Property at a non-judicial foreclosure sale by paying $50,000.00.

    5.   The rights and/or interests of the following parties in the Subject Property shall not be affected by this Judgment: (a) Claimant, Karl L. Boeckmann, Thrya J. Boeckmann, the Living Trust of Karl L. Boeckmann and Thrya J. Boeckmann and their successors and assigns; (b) Katherene Henderson, her heirs,

successors, and assigns; and (c) Accubanc Mortgage Corporation (including its successors and assigns including Bank of America).

6. The Deed of Trust recorded on September 25, 2019 as instrument number 2019-0379810 in the office of the County Recorder of the County of Riverside is not and shall not be affected by this Judgment. This Deed of Trust provides that the beneficiaries are Karl L. Boeckmann and Thyra J. Boeckmann, Trustees of the Living Trust of Karl L. Boeckmann and Thyra J. Boeckmann dated 09/19/00.

7. Claimant has released the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of potential claimants and/or its members, shareholders or partners, whether pursuant to 28 U.S.C. § 2465 or otherwise. The parties shall bear their own attorney's fees and costs arising out of or relating to this action. Claimant has waived any rights they may have to seek remission or mitigation of the forfeiture.

//
//

8.  The Court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: January 19, 2022

_____
THE HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Prepared by:

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Chief, Asset Forfeiture Section
Asset Forfeiture Section